UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

---

WOODS HOLE OCEANOGRAPHIC
INSTITUTION,

                                    Plaintiff,

                -v-

ATS SPECIALIZED, INC., *et al.*,

                                    Defendants.

Case No.: 1:17-cv-12301-JCB

---

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF
DEFENDANT RIDGEWAY INTERNATIONAL USA INC. TO
DISMISS THE COMPLAINT**

Pursuant to Rule 7 of the Local Rules of this Court and Rules 12(b)(2) and 12(b)(6) of the

Federal Rules of Civil Procedure, defendant Ridgeway International USA Inc. ("RIUSA") submits

this memorandum of law in support of its motion to dismiss the complaint for lack of personal

jurisdiction and failure to state a claim upon which relief can be granted. In the alternative, to the

extent any co-defendant is not subject to the jurisdiction of this Court, or any indispensable party

cannot be joined to this litigation, the complaint should be dismissed pursuant to Rules 12(c) and

19 of the Federal Rules of Civil Procedure. Defendant also moves to dismiss based on the defense

of a prior pending case.

Defendant also moves for such other and further relief as may be appropriate.

## THE BASIC FACTS

1.      RIUSA is a New York corporation, with its principal place of business at 1080

Military Turnpike, Plattsburgh, New York. (See Declaration of Guy M. Tombs sworn to on March

8, 2018 ("Tombs Dec."), at ¶ 3.)

1

2.      RIUSA specializes in arranging for the movement of cargo on trucks and ships. *Id.* at ¶ 4.

3.      RIUSA does not have, and has never had, an office in the state of Massachusetts. *Id.* at ¶ 5.

4.      RIUSA is not registered, and has never been registered, to do business in the state of Massachusetts. *Id.* at ¶ 6.

5.      RIUSA does not have, and has never had, a registered agent for service of process in the state of Massachusetts. *Id.* at ¶ 7.

6.      None of RIUSA's officers, managers, or directors are residents of the state of Massachusetts. *Id.* at ¶ 8.

7.      None of RIUSA's corporate meetings have ever been conducted in the state of Massachusetts. *Id.* at ¶ 9.

8.      RIUSA has never had a mailing address or telephone listing in the state of Massachusetts. *Id.* at ¶ 10.

9.      RIUSA does not, and has never, owned, leased, or possessed any real or personal property within the state of Massachusetts. *Id.* at ¶ 11.

10.     RIUSA has never committed a tort within the state of Massachusetts. *Id.* at ¶ 12.

11.     RIUSA has never paid taxes in the state of Massachusetts. *Id.* at ¶ 13.

12.     There has never been a judicial determination by any court, either in the state of Massachusetts or elsewhere, that RIUSA is amenable to service of process in the state of Massachusetts. *Id.* at ¶ 14.

13.     RIUSA has never brought suit in a Massachusetts court against any party or person. *Id.* at ¶ 15.

2

14.     RIUSA's bank accounts are maintained outside the state of Massachusetts. *Id.* at ¶ 16.

15.     RIUSA does not own any physical assets located in the state of Massachusetts. *Id.* at ¶ 17.

16.     RIUSA has never directed any advertisements specifically targeting residents of Massachusetts or its marketplace. *Id.* at ¶ 18.

17.     RIUSA does not derive any substantial revenue from goods used or consumed, or services rendered, in the state of Massachusetts. *Id.* at ¶ 19.

18.     RIUSA's role in the underlying transaction at issue was limited to acting as the agent for and on behalf of defendant Australian National Maritime Museum ("ANMM") to arrange the transport of the Deepsea Challenger from Woods Hole to Baltimore, MD by truck.

19.     On or about June 30, 2015, plaintiff Woods Hole Oceanographic Institution ("Plaintiff" or "WHOI") and ANMM entered into a loan agreement (the "Loan Agreement") by which WHOI agreed to loan a one-person submarine named the Deepsea Challenger (the "Cargo" or "submarine") to ANMM for display in its Watermaks Gallery for a period of five years. *Id.* at ¶ 20.

20.     Under the Loan Agreement, ANMM was responsible for arranging transport of the Cargo from WHOI's facility in Massachusetts to Australia. *Id.* at ¶ 21.

21.     ANMM itself had arranged for the sea carriage of the Cargo with Wallenius Willhelmsen Logistics ("Wallenius"), which was to commence in Baltimore, MD. *Id.* at ¶ 22.

22.     Wallenius issued a booking confirmation on July 21, 2015. *Id.* at Ex. 1.

692233.06519/106642148v.1

23.     ANMM also retained RIUSA to act for and on its behalf in arranging for the transport of the Cargo by truck to Baltimore, to assist with minor logistics regarding the ocean shipment and to obtain cargo insurance for the entire trip. *Id.* at ¶ 24.

24.     RIUSA was first contacted to assist ANMM on or about the evening of July 20, 2015 (which was afternoon on July 21 in Australia given the 16 hour time difference between New York and Australia). *Id.* at ¶ 25.

25.     To arrange for the required transport and cargo insurance, ANMM sent RIUSA a power of attorney which was signed in Australia on July 22, 2015. *Id.* at Ex. 2.

26.     ANMM's power of attorney states that "Grantor [ANMM] acknowledges receipt of Ridgeway Intl. USA Terms and Conditions of Service governing all transactions between the Parties." *Id.* at Ex. 3.

27.     On behalf of ANMM, RIUSA arranged with defendant Anderson Trucking Services Inc. ("ATS") for the carriage of the Cargo from Massachusetts to Baltimore. To that end, on July 21, 2015, RIUSA issued a "truck bill of lading" to ATS covering pick-up at Woods Hole for delivery in Baltimore. *Id.* at Ex. 4.

28.     For and on behalf of ANMM, RIUSA asked defendant Guy Tombs Ltd. ("GT") to arrange for cargo insurance to provide coverage for loss or damage to the submarine during transport from Woods Hole to Australia. GT contacted Fort Insurance in Montreal and arranged for the Cargo Policy. RIUSA charged ANMM for the cost of the Cargo Policy. *Id.* at ¶ 30.

29.     On July 22, 2015, ATS's driver, defendant Sam Broughton Wright, Jr., arrived at WHOI's facility, where WHOI's employees loaded the cargo onto the trailer. No RIUSA employee was present when the cargo was loaded on the truck or during the transport of the cargo. For and

4

on behalf of ANMM, RIUSA appointed an independent surveyor who inspected the Cargo before it was loaded at WHOI's facilities. *Id.* at ¶ 31.

30.     All of RIUSA's communications with ATS to arrange for the transport of the cargo from Woods Hole's facility to Maryland were conducted from RIUSA's offices in New York. *Id.* at ¶ 29.

31.     RIUSA received a uniform straight bill of lading issued by ATS. *Id.* at Ex. 5.

32.     On or about July 23, 2015, while in-transit to Baltimore, ATS's trailer's front axle left side inner tire caught fire, resulting in extensive damage to the Cargo. *Id.* at ¶ 33.

33.     On July 23, 2015, RIUSA placed ATS on notice that a claim for cargo damage may be forthcoming. *Id.* at Ex. 6.

34.     On April 1, 2016, RIUSA received a notice of claim in the amount of US$ 8,307,101 from Holbrook & Murphy, counsel for Eagle Underwriting Group, Inc. ("EUG") and WHOI. *Id.* at Ex. 7.

35.     On April 22, 2016, RIUSA sent a message to EUG claiming the benefit of cover under the Cargo Policy and demanding that it withdraw its claim against RIUSA. *Id.* at Ex. 8. EUG did not respond to RIUSA's request.

36.     On May 17, 2017, ATS filed a declaratory judgment action in the U.S. District Court for the District of Connecticut (the "Connecticut Action"). *Id.* at Ex. 9. RIUSA filed an answer to the Connecticut complaint on July 27, 2017 and alleged numerous defenses, including lack of jurisdiction.

37.     In early July 2017, RIUSA learned that EUG settled the cargo loss claim with WHOI for $3,900,000. *Id.* at Ex. 10.

38.     On November 21, 2017, plaintiff filed the complaint in this case. (Dkt. 1.)

5

## ARGUMENT

### POINT I

### THE COURT LACKS PERSONAL JURISDICTION
### OVER CO-DEFENDANT RIUSA

**A. Standard of Review**

On a motion to dismiss for lack of personal jurisdiction, plaintiff bears the burden of showing that the court has personal jurisdiction over the defendant. *Daynard v. Ness, Motley, Loadholt, Richardson & Poole, P.A.,* 290 F.3d 42, 50 (1st Cir. 2002). For the reasons stated below, plaintiff cannot meet its burden of establishing jurisdiction over RIUSA and the complaint against it should be dismissed.

The exercise of personal jurisdiction over a defendant must be authorized by statute and consistent with the due process requirements of the United States Constitution. *Nowak v. Tak How Invs., Ltd.,* 94 F.3d 708, 712 (1st Cir. 1996); *Intech, Inc. v. Triple "C" Marine Salvage, Inc.,* 444 Mass. 122, 125 (Mass. 2005); and *Good Hope Indus., Inc. v. Ryder Scott, Co.,* 378 Mass. 1, 5–6 (Mass. 1979). Furthermore,

> A district court may exercise authority over a defendant by virtue of either general or specific jurisdiction. Specific jurisdiction exists when there is a demonstrable nexus between a plaintiff's claims and a defendant's forum-based activities. General jurisdiction exists when the litigation is not directly founded on the defendant's forum-based contacts, but the defendant has nevertheless engaged in continuous and systematic activity, unrelated to the suit, in the forum state.

*United States v. Swiss Am. Bank,* 274 F.3d 610, 618 (1st Cir. 2001) (citations omitted) (internal quotation marks omitted).

6

To establish personal jurisdiction over a party, plaintiff must show that the requirements of the Massachusetts long-arm statute, Mass. Gen. Laws ch. 223A, § 3,[1] are satisfied and the exercise of jurisdiction comports with constitutional due process. See, e.g., *Daynard*, 290 F.3d at 52; *Boit v. Gar–Tec Prods., Inc.,* 967 F.2d 671, 675 (1st Cir. 1992); and *Intech*, 444 Mass. at 125. The Supreme Judicial Court has interpreted the long-arm statute as extending as broadly as the limits of constitutional due process permit. *Daynard,* 290 F.3d at 52; *"Automatic" Sprinkler Corp. of Am. v. Seneca Foods Corp.,* 361 Mass. 441, 443 (Mass. 1972). Therefore, the relevant inquiry is the constitutional one.

Due process requires that a defendant over whom a Massachusetts court will exercise jurisdiction has maintained "minimum contacts" with the state "such that maintenance of the suit does not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945). It is well-established that the Due Process Clause imposes three requirements on the exercise of jurisdiction over out-of-state defendants:

> First, the defendant must have sufficient 'minimum contacts' with the [Commonwealth]. For specific jurisdiction, the plaintiff's claim must be related to the defendant's contacts. For general jurisdiction, in which the cause of action may be unrelated to the defendant's contacts, the defendant must have continuous and systematic contacts with the state. Second, for either type of jurisdiction, the defendant's contacts with the state must be purposeful. And third,

---

[1] A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action in law or equity arising from the person's
   a) transacting any business in this commonwealth;
   b) contracting to supply services or things in this commonwealth;
   c) causing tortious injury by an act or omission in this commonwealth;
   d) causing tortious injury in this commonwealth by an act or omission outside this commonwealth if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this commonwealth;
   e) having an interest in, using or possessing real property in this commonwealth;
   f) contracting to insure any person, property or risk located within this commonwealth at the time of contracting;
   …
Mass. Gen. Laws ch. 223A, § 3.

692233.06519/106642148v.1

the exercise of jurisdiction must be reasonable under the
circumstances.

*Harlow v. Children's Hosp.,* 432 F.3d 50, 57 (1st Cir. 2005).

**B.  Exercising Personal Jurisdiction over RIUSA Would Violate the Due Process Clause of the U.S. Constitution**

Plaintiff cannot establish personal jurisdiction over RIUSA in this case. RIUSA is not subject to general jurisdiction because it lacks "continuous and systematic" contacts to render it "essentially at home" in Massachusetts. RIUSA is not subject to specific jurisdiction because it conducted no activities in the state of Massachusetts and, thus, had no contacts with the forum state that gave rise to plaintiff's claims.

**1.  There is no General Jurisdiction over RIUSA in Massachusetts**

A foreign corporation is subject to general jurisdiction only when its contacts with the forum state are "so 'continuous and systematic' as to render [it] essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown,* 131 S. Ct. 2846, 2851 (2011) (quoting *International Shoe Co. v. Washington,* 326 U.S. 310, 317 (1945)). With respect to a corporation, "the place of incorporation and principal place of business are 'paradig[m] ... bases for general jurisdiction.'" *Daimler AG v. Bauman,* 134 S. Ct. 746, 760 (2014). Although general jurisdiction may extend beyond these forums where "a corporation's operations ... [are] so substantial and of such a nature as to render the corporation at home in that State," this would be an "exceptional case." *Id.* at 761 n.19. The touchstone inquiry remains whether those contacts are so extensive as to make the defendant "essentially at home" in the forum state. *Id.* at 751. Because general jurisdiction permits claims against an out-of-state defendant on any matter without regard to the connection of the claims to the forum, the burden to establish general jurisdiction is a "more

8

stringent" one. *See In re Roman Catholic Diocese of Albany, N.Y., Inc.,* 745 F.3d 30, 38 (2d Cir. 2017).

Plaintiff has alleged no set of facts from which this Court could infer that RIUSA engaged in a regular course of dealing within Massachusetts. As described above, RIUSA's role was limited to acting for and on behalf of ANMM in arranging for the transportation of the submarine from Woods Hole, Massachusetts to Maryland and giving limited assistance to ANMM with respect to the ocean transport from Baltimore to Australia. RIUSA did not participate in any aspect of the loading of the Cargo and was also not involved in any of the planning and logistics associated with the truck's movements. (Tombs Dec. at ¶ 31.) RIUSA's own activities were all carried out from its offices in Plattsburgh, New York. *Id.* at ¶ 29.

Simply put, RIUSA is not "at home" in this forum. To the contrary, RIUSA is a New York corporation with its principal place of business in New York. *Id.* at ¶ 3. None of RIUSA's directors and officers are residents of the state of Massachusetts. *Id.* at ¶ 8. RIUSA is not a resident of Massachusetts for tax purposes. *Id.* at ¶ 13. RIUSA does not advertise in Massachusetts. *Id.* at ¶ 18. RIUSA does not own, lease, or occupy real property in Massachusetts. *Id.* at ¶ 11. Under these circumstances, where RIUSA has no contacts with the forum, it cannot be subject to general jurisdiction here.

**2. There is no Specific Jurisdiction over RIUSA in Massachusetts**

Determining whether there is specific jurisdiction involves consideration of whether defendant's contacts with the forum state gave rise to the claims alleged in the complaint. If the claims did not arise from defendant's forum state contacts, the complaint must be dismissed for lack of personal jurisdiction. *See, e.g., Phillips Exeter Acad. v. Howard Phillips Fund, Inc.,* 196 F.3d 284, 289 (1st Cir. 1999) (due process requires that specific jurisdiction analysis be claim-

692233.06519/106642148v.1

specific); *Seiferth v. Helicopteros Atuneros, Inc.,* 472 F.3d 266, 274–75 (5th Cir. 2006) (same); *Remick v. Manfredy,* 238 F.3d 248, 255–56 (3d Cir. 2001) (same). Furthermore, for a court to assert personal jurisdiction over a foreign defendant, "it is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Hanson v. Denckla,* 357 U.S. 235, 253 (1958) (citing *International Shoe,* 326 U.S. at 319).

The complaint alleges a single act on the part of RIUSA, namely arranging for a truck to transport the submarine from Woods Hole, Massachusetts to Baltimore, Maryland. (Dkt. 1 ¶ 33.) As shown in the Tombs Dec. at ¶ 28, RIUSA did so for and on behalf of ANMM and not for its own account. Merely arranging for the transportation of the Cargo as agent for and on behalf of a third-party does not subject RIUSA to jurisdiction. In fact, it has been established that the mere "placement of a product into the stream of commerce, without more, is not an act the defendant purposefully directed toward the forum state," sufficient to confer jurisdiction. *See Asahi Metal Industry Co. v. Superior Court,* 480 U.S. 102, 112 (1987). Furthermore, "a defendant's awareness that the stream of commerce may or will sweep the product into the forum state does not convert the mere act of placing the product into the stream into an act purposefully directed toward the forum State." *Id.*

Therefore, the complaint is clearly insufficient to establish specific jurisdiction over RIUSA. Nothing in the complaint supports an allegation that RIUSA availed itself of the benefits of conducting activities in the state of Massachusetts. To the contrary, RIUSA had no contacts with the state of Massachusetts that would warrant this Court's exercise of jurisdiction over it.

**3.   Even If RIUSA Had Sufficient *Minimum Contacts* With *Massachusetts*, The Exercise Of Personal Jurisdiction Over It Would Violate Traditional Notions of Fair Play and Substantial Justice**

Assuming, *arguendo,* that plaintiff is able to establish that RIUSA had sufficient contacts with Massachusetts such that it should reasonably anticipate being haled into court in this state, RIUSA's motion to dismiss still should be granted because the exercise of personal jurisdiction over it in this case would violate traditional notions of fair play and substantial justice. *"Automatic" Sprinkler Corp. of Am.,* 361 Mass. at 443-44, citing *International Shoe*, 326 U.S. at 316. Even where a defendant has the necessary minimum contacts with the forum state, the assertion of personal jurisdiction over it would still violate the due process clause of the Fourteenth Amendment unless it comports with "traditional notions of fair play and substantial justice." *International Shoe,* 326 U.S. at 316 (quoting *Miliken v. Meyer,* 311 U.S. 457, 463 (1941)). This test centers on whether it is reasonable to exercise personal jurisdiction over defendant given the circumstances of the particular case. *Kernan v. Kurz-Hastings,* 175 F.3d 236, 244 (2d Cir. 1999).

In making its determination, the Court is required to consider the following five factors: (1) the burden on the defendant in defending the lawsuit in the forum state; (2) the forum state's interest in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of the controversy; and (5) the shared interests of the several states in furthering fundamental substantive social policies. *See Asahi Metal Industry Co., Ltd. v. Superior Court Of California, Solano County,* 480 U.S. 102, 112 (1987). Moreover, where, as here, RIUSA has had no contact with Massachusetts in relation to this case, "the weaker the plaintiff's showing

11

[on minimum contacts], the less a defendant need show in terms of unreasonableness to defeat jurisdiction." *See Ticketmaster-New York, Inc. v. Alioto,* 26 F.3d 201, 210 (1st Cir. 1994).

RIUSA is a New York corporation; requiring it to litigate this case in Massachusetts, a state with which it has no connection, would impose an unreasonable burden. *See, e.g., Bond Leather Co., Inc. v. Q.T. Shoe Mfg. Co., Inc.,* 764 F.2d 928, 934-35 (1st Cir. 1985) (finding that subjecting defendant "to defend this action in Massachusetts, rather than in its home state of Ohio … would violate traditional notions of fair play and substantial justice");*Info. Mapping Inc. v. Access Health Sys. Inc.*, No. 1:19-cv-05395B, 2000 WL 1273405, *2 (Sup. Ct. Ma. May 10, 2000) (finding that defendant's only contacts with Massachusetts of corresponding, billing and contract authorization did not "constitute sufficient contacts to confer on this Court personal jurisdiction over the defendant under M.G.L. c. 223A, § 3") (internal citations omitted).

Accordingly, RIUSA's motion to dismiss should be granted.

### POINT III
### ALTERNATIVELY, COUNTS VI AND VII OF THE COMPLAINT MUST BE DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

The federal district courts are required to dismiss a complaint when the allegations fail to state a claim upon which relief can be granted.  FED. R. CIV. P. 12(b)(6).  While Rule 8 of the Federal Rules of Civil Procedure requires only a "short and plain statement of the claim showing that the pleader is entitled to relief," the Supreme Court made it clear that a court must determine whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556, 570 (2007)).

12

The Supreme Court emphasized that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.  In fact, a court is to "disregard rote recitals of the elements of a cause of action, legal conclusions, and mere conclusory statements." *James v. City of Wilkes-Barre*, 700 F.3d 675, 679 (3d Cir. 2012).  Rule 8 "marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Twombly*, 550 U.S. at 678-679.

In its complaint, WHOI alleges that in consideration of the payment of certain freight charges, RIUSA agreed to transport the Cargo from Woods Hole, Massachusetts, to Baltimore, Maryland, and to this end, it issued a truck bill of lading indicating a pickup date and time of July 22, 2015, and a delivery date and time of July 23, 2015. (Dkt. 1 ¶¶ 31-32.) WHOI further alleges that RIUSA unilaterally engaged ATS to transport the Cargo without WHOI's approval or consent. (Dkt. 1 ¶ 33.) WHOI claims that "[o]n or about July 22, 2015, under the direction, supervision, and control of the defendants Guy Tombs, Ridgeway, and ATS, ATS took possession of the Submersible … and loaded it onto the Truck for transport from Woods Hole, Massachusetts, to Baltimore, Maryland." (Dkt. 1 ¶ 37.) Based on these allegations, WHOI asserts claims against RIUSA for negligence and breach of bailment obligations. However, WHOI's factual allegations are insufficient to meet the pleading standards of Rule 8 and, therefore, counts VI and VII of the complaint should be dismissed.

692233.06519/106642148v.1

First, WHOI's complaint fails to allege any facts to support its allegations that a bailment was created. "A bailment is essentially a consensual transaction arising out of a contract express or implied ... and there must be an acceptance by the bailee of the goods forming the subject matter of the bailment before there can be any bailment." *D.A. Schulte, Inc. v. North Terminal Garage Co.,* 291 Mass. 251, 256 (Mass. 1935). Here, however, WHOI does not allege that there is a contract, express or implied, which would have created a bailment. In fact, RIUSA's role in the underlying transaction at issue was limited to acting for and on behalf of ANMM to arrange to transport the Cargo from Woods Hole to Baltimore, MD by truck. (Tomb's Dec. at ¶ 18.) Furthermore, the Cargo was never delivered to RIUSA and RIUSA never took possession, either physically or constructively. No RIUSA employee was present when the cargo was loaded on ATS's truck or during the transport of the cargo. (*Id.* at ¶ 29.)

Second, in order to maintain an action for negligence under Massachusetts law, a plaintiff must prove "(1) a legal duty owed by defendant to the plaintiff; (2) breach of that duty; (3) proof that the breach was the proximate cause of the plaintiff's injuries; and (4) actual damage or injury." *Davis v. Prot. One Alarm Monitoring, Inc.,* 456 F. Supp. 2d 243, 249 (D. Mass. 2006) (citations omitted). Here, however, WHOI fails to allege any facts to establish that RIUSA owed it a duty of care. RIUSA's role was limited to acting as agent for ANMM to arrange for ATS to transport the Cargo from Woods Hole to Baltimore, MD and WHOI was well aware of the proposed trucking company. Furthermore, it is undisputed that the Cargo was damaged in the state of Connecticut while in the care and custody of ATS. WHOI's mere conclusory statements that "RIUSA had a duty to exercise due care to secure, protect, and timely deliver the Submersible…" are unfounded. RIUSA cannot be held negligent to a party to whom it owed no duty of care.

For the reasons stated above, counts VI and VII of the complaint should be dismissed.

## POINT IV

## IN THE ALTERNATIVE, TO THE EXTENT ANY CO-DEFENDANT IS NOT SUBJECT TO THIS COURT'S JURISDICTION OR ANY INDISPENSABLE PARTY CANNOT BE JOINED TO THIS LITIGATION, PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED

In accordance with Rules 12(c) and 19 of the Federal Rules of Civil Procedure, to the extent any co-defendant is not subject to the jurisdiction of this Court, the complaint should be dismissed as to all other co-defendants.

Determining whether to dismiss a case for failure to join an indispensable party requires a two-step inquiry. *United States v. San Juan Bay Marina,* 239 F.3d 400, 405 (1st Cir. 2001). The court must first determine under Rule 19(a) whether a party should be joined to the lawsuit. If joinder is warranted, then the person will be brought into the lawsuit. If joinder is not feasible, however, then the court must determine under Rule 19(b) whether to press forward without the party or to dismiss the litigation. *Id.* When undertaking this analysis, the Court must take into account the policies underlying Rule 19, "including the public interest in preventing multiple and repetitive litigation, the interest of the present parties in obtaining complete and effective relief in a single action, and the interest of absentees in avoiding the possible prejudicial effect of deciding the case without them." *Picciotto v. Continental. Cas. Co.,* 512 F.3d 9, 15–16 (1st Cir. 2008) (citation omitted); *Charest v. Federal National Mortgage Association,* 9 F. Supp. 3d 114, 129 (D. Mass. 2014).

WHOI brought this action against ATS Specialized, Inc.; Sam Broughton Wright, Jr.; RIUSA; Guy Tombs Ltd.; ANMM; Service Tire Truck Center, Inc.; and TravelCenters of America. WHOI has also admitted that the Cargo Policy Underwriters are indispensable parties for which it purports to act even though they have not joined as plaintiffs. *See Anderson Trucking Services Inc. v. Eagle Underwriting Group, Inc., et al.*, No. 17-00817, Dkt. 34 p. 24 (D. Conn.

15

filed May 17, 2017). With the exception of Guy Tombs Ltd., RIUSA agrees that all other parties

are indispensable and must be joined to this action, including ANMM, EUG[2] and the following

cargo underwriters: Certain Underwriters at Lloyds under UMR: B0878AAA157172, HDI-

Gerling Industrial Insurance Company, St. Paul Fire and Marine Insurance Company and

Economical Insurance.[3]

Therefore, to the extent any of the above parties cannot be joined to this litigation,

the complaint should be dismissed.

## POINT V

### THIS ACTION SHOULD BE DISMISSED PURSUANT TO THE PRIOR PENDING ACTION DOCTRINE

Under the prior pending action doctrine, "the pendency of a prior action, in a court of

competent jurisdiction, between the same parties, predicated upon the same cause of action and

growing out of the same transaction, and in which identical relief is sought, constitutes good

ground for abatement of the later suit." *O'Reilly v. Curtis Pub. Co.,* 31 F. Supp. 364, 364–65 (D.

Mass. 1940). As a general rule, the suit filed first should have priority "absent the showing of

balance of convenience in favor of the second action." *Quality One Wireless, LLC v. Goldie Group,*

*LLC*, 37 F. Supp. 3d 536 (D. Mass. 2014), quoting *Adam v. Jacobs,* 950 F.2d 89, 93–94 (2d Cir.

1991) (internal quotation marks and citation omitted); *see also Holliday v. City of Newington,* 2004

WL 717160, at *1 (D. Conn. Mar. 19, 2004) citing *Hammett v. Warner Bros. Pictures,* 176 F.2d

---

[2] EUG allegedly served as a managing agent appointed by the Underwriters to negotiate the cargo insurance that covered the inland transportation of the submarine from Woods Hole, Massachusetts to Baltimore, Maryland. Although WHOI alleges negligence and breach of contract claims against Guy Tombs Ltd. relating to the procurement of the cargo insurance, WHOI failed to name EUG as a defendant even though it is the managing agent appointed by the Underwriters to negotiate the cargo insurance.

[3] WHOI alleges in its Complaint, without offering any support, that it is "entitled to maintain this Action, and bring this Action on its own behalf, and as agent, trustee, assignee and/or subrogee, on behalf of and for the interests of all parties interested in and who were damaged as a result of the loss and damage to the Submersible, as their respective interests may ultimate appear…." (Dkt. 1 ¶ 8.)

145, 150 (2d Cir. 1949) ("[w]hen it is possible that, through amendment, each action may contain all of the issues and parties presently contained in either action, the continuation of the first action to be filed is favored.")

The prior pending action doctrine "arises out of concerns about judicial efficiency and avoiding inconsistent judgments." *Quality One Wireless*, 37 F. Supp. 3d at 541. Under the doctrine, "a court is permitted to stay or dismiss a later filed action 'if two conditions are met: (1) there exists an identity of issues between the two actions and (2) the controlling issues in the later-filed action will be determined in the earlier-filed action.'" *Id. at 541*. Courts have consistently held that for purposes of the doctrine, "[t]he parties in the two suits need not be identical; they need only share sufficient congruence of interests." *Id.*; *see also Kersey v. Prudential Ins. Agency, LLC*, 15-cv-14186, 2017 U.S. Dist. LEXIS 217106, at *23 (D. Mass. Jan. 11, 2017).

Here, the conditions described in *Quality One Wireless* can easily be met. On May 17, 2017, ATS filed the Connecticut Action against RIUSA, WHOI, ANMM and EUG. In its complaint, ATS alleges that the action "arises under the laws of the United States and under an Act of Congress regulating international or interstate commerce, specifically the Carriage of Goods by Sea Act … or alternatively, the Carmack Amendment to the Interstate Commerce Commission Termination Act …." *See Anderson Trucking Services Inc. v. Eagle Underwriting Group, Inc., et al.*, No. 17-00817, Dkt. 1 p. 2 (D. Conn. filed May 17, 2017). Six months later, WHOI filed this action against ATS, RIUSA, ANMM and four other parties (Sam Broughton Wright, Jr.; GT; Service Tire Truck Center, Inc.; and TravelCenters of America). In its complaint, WHOI asserts several causes of action including liability under the Carmack Amendment, negligence, breach of contract and breach of bailment obligations. (Dkt. 1 ¶¶ 62-187). A close look at ATS's and WHOI's complaints show that the claims that have been asserted in both cases arise out of the

17

exact same occurrence (i.e., the transportation of the Cargo and its subsequent damage), and involve substantially the same legal theories (i.e., liability under the Carmack Amendment). Furthermore, it is clear that resolution of the two cases will involve the same evidence and witnesses. Accordingly, the two actions are sufficiently analogous to warrant application of the doctrine.

WHOI fails to show that any of the new defendants cannot be joined in the Connecticut Action.

As courts in this Circuit have consistently held, "[m]aintaining two parallel actions between nearly identical parties on the same issues would be a waste of judicial resources [and] would also create a risk of inconsistent judgments." *See Quality One Wireless*, 37 F. Supp. 3d at 541; *Kersey*, 2017 U.S. Dist. LEXIS 217106, at *24. Therefore, this action should be dismissed in favor of the Connecticut Action.

## **CONCLUSION**

For the above reasons, this Court lack personal jurisdiction over RIUSA and the complaint should be dismissed as to RIUSA, with prejudice and without leave to amend. In the alternative, counts VI and VII of the complaint fail to state a claim upon which relief can be granted and should be dismissed. In the further alternative, to the extent any co-defendant is not subject to the jurisdiction of this Court or any of the above named parties cannot be joined to this litigation, the Court should dismiss the Complaint. In the further alternative, this action should be dismissed in favor of the prior pending Connecticut Action.

692233.06519/106642148v.1

## REQUEST FOR ORAL ARGUMENT

Defendant respectfully requests oral argument on this motion.

Dated:  March 12, 2018.

**BLANK ROME LLP**

Attorneys for the Defendant Ridgeway International USA Inc.

By:     /s/ *John D. Kimball*
        John D. Kimball, Esq.
        (Admitted *pro hac vice*)
        405 Lexington Avenue
        New York, NY 10174
        (212) 885-5259

19

<u>CERTIFICATION</u>

I hereby certify that on March 12, 2018, a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

<u>/s/ *John D. Kimball*</u>
John D. Kimball, Esq.

692233.06519/106642148v.1