United States District Court
District of Massachusetts

| | |
|---|---|
| WOODS HOLE OCEANOGRAPHIC INSTITUTION,   )<br>  )<br>    Plaintiff,   )<br>  )<br>    v.   )<br>  )<br>ATS SPECIALIZED, INC., SAM   )<br>BROUGHTON WRIGHT, JR., RIDGEWAY )<br>INTERNATIONAL USA, INC., GUY    )<br>TOMBS LIMITED, AUSTRALIAN       )<br>NATIONAL MARITIME MUSEUM,       )<br>SERVICE TIRE TRUCK CENTER, INC. )<br>and TRAVELCENTERS OF AMERICA,   )<br>  )<br>    Defendants.   )<br>  ) | Civil Action No.<br>17-12301-NMG |

**MEMORANDUM & ORDER**

**GORTON, J.**

Pending before the Court is the Report and Recommendation ("R&R") of Magistrate Judge Jennifer C. Boal which recommends that: 1) the motion to dismiss of the Australian National Maritime Museum ("the Museum") be denied; 2) the motion to dismiss of ATS Specialized, Inc. ("ATS") be allowed, in part, and denied, in part; 3) the motion to dismiss of Sam Broughton Wright, Jr. ("Wright") be allowed; 4) the motion to dismiss of Ridgeway International USA, Inc. ("Ridgeway") be allowed, in part, and denied, in part; and 5) the motion to dismiss of Guy Tombs Limited ("Guy Tombs") be allowed.  Specifically,

Magistrate Judge Boal recommends the dismissal of Counts IV, VI, VII, VIII, IX, X, XI, XIV and XV of the Complaint.

After careful consideration of the R&R and the several objections thereto, the R&R will be accepted and adopted, in part, and rejected and modified, in part.  The Court has examined each of the issues addressed in the R&R and makes the following rulings:

1. The Court will accept and adopt the recommendation of the Magistrate Judge with respect to her determination that 1) the Court has personal jurisdiction over Ridgeway and 2) Ridgeway waived its defense that the Complaint should be dismissed for failure to join indispensable parties.  Thus, Ridgeway's Objections to the R&R (Docket No. 92) will be overruled.

2. The Court will accept and adopt the recommendation of the Magistrate Judge with respect to her determination that 1) the loan agreement for the subject submarine involved commercial activity and thus the Museum was not immune to suit under the Foreign Sovereign Immunities Act, 28 U.S.C. § 1604 ("the FSIA") and 2) the Court has personal jurisdiction over the Museum.  Thus, the Museum's Objections to the R&R (Docket No. 93) will be overruled.  The Museum's argument that it did not purposefully avail itself of the forum and that it was not reasonably foreseeable that it would be hailed into court in Massachusetts because the parties had agreed to arbitrate any

dispute in London is well taken. The Museum provides no caselaw, however, to support its contention that a valid arbitration clause forecloses personal jurisdiction in any forum other than the venue for prospective arbitration. A motion to compel arbitration or to dismiss for forum non conveniens, rather than a motion to dismiss for lack of personal jurisdiction, may have had more merit. As to the Museum's contention that the Magistrate Judge erred in failing to analyze whether the Museum's contacts satisfied the Massachusetts long-arm statute, M.G.L. c. 223A, § 3(a), the Court finds that, although the Magistrate Judge did not explicitly address that statute, she did explain that the requirement of "transacting any business" under Section 3(a) of the Massachusetts long-arm statute is regularly construed broadly in favor of the party alleging personal jurisdiction. Here the Court finds that the loan agreement between the Museum and Woods Hole Oceanographic Institution ("WHOI" or "plaintiff"), even if related to a nonprofit purpose, is a business transaction within the purview of the long-arm statute for the same reasons the conduct was determined to be commercial under the FSIA.

3. The Court will accept and adopt the Magistrate Judge's finding that WHOI is entitled, at this stage of the litigation, to plead its state law claims against ATS in the alternative and

thus ATS's Objections to the R&R (Docket No. 95) will be overruled.  The Court must decide ATS's motion to dismiss based on the allegations contained in the complaint, not based on other claims that could have been brought by WHOI but were not. See Nollet v. Justices of Trial Court of Mass., 83 F. Supp. 2d 204, 208 (D. Mass. 2000), aff'd, 248 F.3d 1127 (1st Cir. 2000).  Because WHOI contests the applicability of the Carriage of Goods By Sea Act ("COGSA"), 46 U.S.C. § 30701, et seq., as a factual matter, the Court construes the allegations in the Complaint only with respect to the Carmack Amendment claim, 49 U.S.C. § 14706, and the state law claims. Magistrate Judge Boal is correct that, at the pleading stage, WHOI is entitled to plead those claims in the alternative even if it is ultimately determined that the Carmack Amendment preempts the state law claims. Lass v. Bank of Am., N.A., 695 F.3d 129, 140 (1st Cir. 2012); see also Fed. R. Civ. P. 8(d). ATS may be able to demonstrate at the summary judgment stage that it is COGSA, not the Carmack Amendment, that applies and that COGSA preempts plaintiff's state law claims based upon facts established in the meantime.

4. The Court will sustain WHOI's Objections to the R&R (Docket No. 94), insofar as the Magistrate Judge recommends that: 1) Count IV of the Complaint for unfair and deceptive practices against ATS be dismissed as preempted by the Interstate

Commerce Commission Termination Act/Federal Aviation Administration Authorization Act (the "ICCTA/FAAAA"), 49 U.S.C. § 14501(c)(1) and 2) Counts VI and VII of the Complaint for breach of bailment and negligence against Ridgeway be dismissed for failure to state a claim. Specifically, the Court finds that WHOI did address, in its opposition to ATS's motion to dismiss, the argument that the unfair and deceptive practices claim is preempted by the ICCTA/FAAAA, albeit in only one sentence in a footnote. Nor does the ICCTA/FAAAA preempt unfair business practices claims for post-transportation conduct. Dan's City Used Cars, Inc. v. Pelkey, 569 U.S. 251, 261-63 (2013). For the reasons already explained, the Court declines to decide at this stage whether the Carmack Amendment preempts the claim for unfair and deceptive practices against ATS. Furthermore, the Court finds that WHOI has alleged sufficient facts to state a plausible claim for breach of bailment obligations and negligence as to Ridgeway on the basis of its purported agency relationship with ATS. WHOI has stated a claim that 1) ATS was acting as the agent of Ridgeway at the time that the submarine was damaged and 2) Ridgeway, as the principal, may be held liable for ATS's purported breach of bailment and negligence. On the other hand, the Court will overrule WHOI's objections to the R&R insofar as the Magistrate Judge recommends that the Court

find that the acts of Ridgeway may not be imputed to Guy Tombs for the purposes of determining personal jurisdiction over Guy Tombs.  While the actions of an agent can be attributed to the principal for the purposes of establishing personal jurisdiction over the principal, the opposite inference that actions of a principal can subject its agent to personal jurisdiction does not follow. See Daynard v. Ness, Motley, Loadholt, Richardson & Poole, P.A., 290 F.3d 42, 55 (1st Cir. 2002).  The actions of Ridgeway cannot subject its agent, Guy Tombs, to the jurisdiction of this Court.  The Court also agrees with the Magistrate Judge that Guy Tombs had insufficient contacts with the Commonwealth of Massachusetts in arranging for the cargo insurance policy and thus the Court may not exercise personal jurisdiction over it.

**ORDER**

For the foregoing reasons, the R&R of Magistrate Judge Boal (Docket No. 91) is

1) with respect to the recommendation to dismiss all of the claims against Guy Tombs and Wright (Counts VIII, IX, X, XI, XIV and XV), **ACCEPTED** and **ADOPTED**; but

2) with respect to the recommendation to dismiss the claim for unfair and deceptive practices against ATS (Count IV) and to dismiss the claims for breach of bailment

obligations and negligence against Ridgeway (Counts VI and VII), **REJECTED** and **MODIFIED**.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated March 20, 2019