## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WOODS HOLE OCEANOGRAPHIC INSTITUTION,<br><br>        Plaintiff,<br><br>v.<br><br>ATS SPECIALIZED, INC., RIDGEWAY INTERNATIONAL USA, INC., GUY TOMBS LIMITED, AUSTRALIAN NATIONAL MARITIME MUSEUM, SAM BROUGHTON WRIGHT, JR., SERVICE TIRE TRUCK CENTER, INC., AND TRAVELCENTERS OF AMERICA,<br><br>        Defendants.<br><br>AND RELATED CROSSCLAIMS | CIVIL ACTION NO. 1:17-cv-12301-NMG |

### AUSTRALIAN NATIONAL MARITIME MUSEUM'S FIRST AMENDED ANSWER TO COMPLAINT OF WOODS HOLE OCEANOGRAPHIC INSTITUTION; CROSS-CLAIMS AND COUNTERCLAIMS

Defendant Australian National Maritime Museum (the "Museum"), without waiver of its personal jurisdiction defense or its defense to jurisdiction under the Foreign Sovereign Immunities Act (28 U.S.C. §§ 1602-1611), by its attorneys, Hinshaw & Culbertson LLP, for its first amended answer to the complaint (the "Complaint") filed by Woods Hole Oceanographic Institution ("WHOI" or "Plaintiff"), its counterclaims against WHOI, and its cross-claims against co-defendant ATS Specialized, Inc. ("ATS"), third party defendant Eagle Underwriting Group, Inc. ("Eagle"), co-defendant Ridgeway International USA, Inc. ("Ridgeway"), co-defendant Service Tire Truck Center, Inc. ("Service Tire"), and co-defendant TravelCenters of America ("TravelCenters"), alleges upon information and belief as follows (ATS, Eagle, Ridgeway, Service Tire and TravelCenters being referred to herein as "Codefendants"):

1.      As to paragraphs 1 through 2 of the Complaint, the Museum denies having knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

2.      As to paragraph 3 of the Complaint, the Museum admits that, at the time it entered into the "Inward Loan Agreement For the Loan of Objects from The Woods Hole Oceanographic Institution (WHOI) to The Australian National Maritime Museum (ANMM)" (with its accompanying schedules, revisions (including the "Variation to Loan Agreement 2014-00329/1 For the Loan of Objects by Woods Hole Oceanographic Institution (WHOI) to the Australian National Maritime Museum" (with its own accompanying schedules and exhibits) (all such agreement documents being referred to herein as the "Loan Agreement") that WHOI was the owner of the vessel *DEEP SEA CHALLENGER* (the "Vessel.")  As to the remaining allegations of paragraph 3 of the Complaint, the Museum denies having knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis denies them.

3.      As to paragraphs 4 through 12 of the Complaint, the Museum denies having knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

4.      As to paragraph 13 of the Complaint, the Museum admits that it is an agency or other part of the Commonwealth of Australia and that it conducts its operations in the Commonwealth of Australia.  The Museum denies that it conducts a "business" as that term is commonly used.

5.      As to paragraphs 14 through 15 of the Complaint, the Museum denies having knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

303590806v1 1003324

6.      As to paragraphs 16 through 18 of the Complaint, the Museum denies that this Court has jurisdiction over it and denies that venue is proper in this Court.  As to the remaining allegations in paragraph 16 through 18 of the Complaint, the Museum denies having knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis denies them.

7.      As to paragraph 19 of the Complaint, the Museum admits that WHOI agreed to loan the Vessel to the Museum pursuant to Loan Agreement.  The Museum denies the remaining allegations of Paragraph 19.

8.      As to paragraph 20 of the Complaint, the Museum denies the allegations.

9.      As to paragraph 21 of the Complaint, the Museum denies the allegations.

10.      As to paragraph 22 of the Complaint, the Museum denies the allegations.

11.      As to paragraph 23 of the Complaint, the Museum admits that the Loan Agreement contains those words.

12.      As to paragraph 24 of the Complaint, the Museum admits  that the Loan Agreement contains those words.

13.      As to paragraph 25 of the Complaint, the Museum admits that it agreed to insure the Vessel for US $5 million.  The Museum denies the remaining allegations of paragraph 25.

14.      As to paragraph 26 of the Complaint, the Museum admits the allegations.

15.      As to paragraph 27 of the Complaint, the Museum denies the allegations.

16.      As to paragraph 28 of the Complaint, the Museum denies the allegations.

17.      As to paragraphs 29 through 56 of the Complaint, the Museum denies having knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

18.      As to paragraphs 57 through 61 of the Complaint, the Museum denies

3

the allegations.

19.     As to paragraph 62 of the Complaint, the Museum incorporates its responses to Paragraphs 1 through 61 of the Complaint herein by reference and alleges them as though herein fully set forth.

20.     As to paragraph 63 of the Complaint, the allegations constitute a legal conclusion to which no response by the Museum is required.

21.     As to paragraphs 64 through 69 of the Complaint, the Museum denies having knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

22.     As to paragraph 70 of the Complaint, the Museum incorporates by reference its responses to Paragraphs 1 through 69 of the Complaint herein by reference and alleges them as though herein fully set forth.

23.     As to paragraphs 71 through 75 of the Complaint, the Museum denies having knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

24.     As to paragraph 76 of the Complaint, the Museum incorporates by reference its responses to Paragraphs 1 through 75 of the Complaint herein by reference and alleges them as though herein fully set forth.

25.     As to paragraphs 77 through 81 of the Complaint, the Museum denies having knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

26.     As to paragraph 82 of the Complaint, the Museum incorporates by reference its responses to Paragraphs 1 through 81 of the Complaint herein by reference and alleges them as though herein fully set forth.

303590806v1 1003324

27.     As to paragraphs 83 through 94 of the Complaint, the Museum denies having knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

28.     As to paragraph 95 of the Complaint, the Museum incorporates by reference its responses to Paragraphs 1 through 94 of the Complaint herein by reference and alleges them as though herein fully set forth.

29.     As to paragraph 96 of the Complaint, the allegations constitute a legal conclusion to which no response by the Museum is required.

30.     As to paragraphs 97 through 102 of the Complaint, the Museum denies having knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

31.     As to paragraph 103 of the Complaint, the Museum incorporates by reference its responses to Paragraphs 1 through 102 of the Complaint herein by reference and alleges them as though herein fully set forth.

32.     As to paragraphs 104 through 108 of the Complaint, the Museum denies having knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

33.     As to paragraph 109 of the Complaint, the Museum incorporates by reference its responses to Paragraphs 1 through 108 of the Complaint herein by reference and alleges them as though herein fully set forth.

34.     As to paragraphs 110 through 114 of the Complaint, the Museum denies having knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

35.     As to paragraph 115 of the Complaint, the Museum incorporates by reference its

303590806v1 1003324

responses to Paragraphs 1 through 114 of the Complaint herein by reference and alleges them as though herein fully set forth.

36.     As to paragraphs 116 through 119 of the Complaint, the allegations constitute a legal conclusion to which no response by the Museum is required.

37.     As to paragraphs 120 through 125 of the Complaint, the Museum denies having knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

38.     As to paragraph 126 of the Complaint, the Museum incorporates by reference its responses to Paragraphs 1 through 125 of the Complaint herein by reference and alleges them as though herein fully set forth.

39.     As to paragraphs 126 through 131 of the Complaint, the Museum denies having knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

40.     As to paragraph 132 of the Complaint, the Museum incorporates by reference its responses to Paragraphs 1 through 131 of the Complaint herein by reference and alleges them as though herein fully set forth.

41.     As to paragraphs 133 through 140 of the Complaint, the Museum denies having knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

42.     As to paragraph 141 of the Complaint, the Museum incorporates by reference its responses to Paragraphs 1 through 140 of the Complaint herein by reference and alleges them as though herein fully set forth.

43.     As to paragraphs 142 through 146 of the Complaint, the Museum denies having knowledge or information sufficient to form a belief as to the truth of the allegations, and on that

303590806v1 1003324

basis denies them.

44.     As to paragraph 147 of the Complaint, the Museum incorporates by reference its responses to Paragraphs 1 through 146 of the Complaint herein by reference and alleges them as though herein fully set forth.

45.     As to paragraph 148 of the Complaint, the Museum admits that it had certain responsibilities under the Loan Agreement.   The Museum otherwise denies the allegations in this paragraph.

46.     As to paragraph 149 of the Complaint, the Museum denies the allegations.

47.     As to paragraph 150 of the Complaint, the Museum admits that it had certain responsibilities under the Loan Agreement to insure the Vessel in the amount of $5 million (in United States dollars).  The Museum otherwise denies the allegations in this paragraph.

48.     As to paragraph 151 of the Complaint, the Museum denies the allegations.

49.     As to paragraph 152 of the Complaint, the Museum admits that the Loan Agreement contains those words.

50.     As to paragraph 153 of the Complaint, the Museum denies the allegations.

51.     As to paragraph 154 of the Complaint, the Museum admits that the Loan Agreement contains those words.

52.     As to paragraph 155 of the Complaint, the Museum denies the allegations.

53.     As to paragraph 156 of the Complaint, the Museum denies the allegations.

54.     As to paragraph 157 of the Complaint, the Museum denies the allegations.

55.     As to paragraph 158 of the Complaint, the Museum incorporates by reference its responses to Paragraphs 1 through 157 of the Complaint herein by reference and alleges them as though herein fully set forth.

56.     As to paragraph 159 of the Complaint, the Museum denies the allegations.

303590806v1 1003324

57.     As to paragraph 160 of the Complaint, the Museum denies the allegations.

58.     As to paragraph 161 of the Complaint, the Museum denies the allegations.

59.     As to paragraph 162 of the Complaint, the Museum denies the allegations.

60.     As to paragraph 163 of the Complaint, the Museum denies the allegations.

61.     As to paragraph 164 of the Complaint, the Museum incorporates by reference its responses to Paragraphs 1 through 163 of the Complaint herein by reference and alleges them as though herein fully set forth.

62.     As to paragraphs 165 through 169 of the Complaint, the Museum denies having knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

63.     As to paragraph 170 of the Complaint, the Museum incorporates by reference its responses to Paragraphs 1 through 169 of the Complaint herein by reference and alleges them as though herein fully set forth.

64.     As to paragraphs 171 through 175 of the Complaint, the Museum denies having knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

65.     As to paragraph 176 of the Complaint, the Museum incorporates by reference its responses to Paragraphs 1 through 175 of the Complaint herein by reference and alleges them as though herein fully set forth.

66.     As to paragraphs 177 through 181 of the Complaint, the Museum denies having knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

67.     As to paragraph 182 of the Complaint, the Museum incorporates by reference its responses to Paragraphs 1 through 181 of the Complaint herein by reference and alleges them as

8

though herein fully set forth.

68.     As to paragraphs 183 through 187 of the Complaint, the Museum denies having

knowledge or information sufficient to form a belief as to the truth of the allegations, and on that

basis denies them.

69.     As to WHOI's Prayer For Relief, the Museum denies that WHOI is entitled to any

of the relief for which it prays, or any other relief or recovery whatsoever

### AFFIRMATIVE DEFENSES

70.     The Museum repeats and realleges each and every admission, denial and denial of

knowledge or information hereinabove set forth, with the same force and effect as if herein

repeated and set forth at length.

### FIRST AFFIRMATIVE DEFENSE

71.     The Court lacks personal jurisdiction over the Museum.

### SECOND AFFIRMATIVE DEFENSE

72.     The claims alleged by WHOI are barred against the Museum because the damages

claimed by plaintiff were caused by the acts or omissions of persons or entities for whom or for

which the Museum is not responsible.

### THIRD AFFIRMATIVE DEFENSE

73.     The Museum is not liable for any loss of or damage to the Vessel referred to in

the Complaint.

### FOURTH AFFIRMATIVE DEFENSE

74.     WHOI's own negligent acts or omissions were the sole proximate cause of any

loss of or damage to the Vessel referred to in the Complaint.

303590806v1 1003324

## FIFTH AFFIRMATIVE DEFENSE

75.     The Complaint fails to state a claim upon which relief can be granted.

## SIXTH AFFIRMATIVE DEFENSE

76.     The underlying claim for loss of or damage to the Vessel referred to in the Complaint is time-barred and WHOI's claims are time-barred.

## SEVENTH AFFIRMATIVE DEFENSE

77.     WHOI's claims are limited to the value of the Vessel conveyed by WHOI to the Museum.  The Museum relied on such value, and its reliance was reasonable.  WHOI is therefore barred or estopped from claiming any higher value from the Museum.

## EIGHTH AFFIRMATIVE DEFENSE

78.     WHOI's claims are barred or limited because of WHOI's failure to mitigate damages by, among other things, taking reasonable steps to take possession of the goods, transferring the goods to an alternate storage location, having the goods cleaned, restored, and/or repaired, and in such other ways as may be made known during discovery.

## NINTH AFFIRMATIVE DEFENSE

79.     WHOI, ATS, Service Tire and/or TravelCenters or their agents, spoliated vital evidence concerning the Vessel, prejudicing the Museum's ability to defend itself herein.  Accordingly, WHOI should be precluded from making any recovery herein from the Museum.

## TENTH AFFIRMATIVE DEFENSE

80.     To the extent the Museum is construed to be a shipper of the Vessel, the Museum's liability is limited to $500, and otherwise, by the terms of the Carriage of Goods By Sea Act.

303590806v1 1003324

## ELEVENTH AFFIRMATIVE DEFENSE

81.     To the extent the Museum is construed to be a shipper of the Vessel, the Museum's liability is limited by the terms of the Carmack Amendment.

## TWELFTH AFFIRMATIVE DEFENSE

82.     To the extent the Museum is construed to be a shipper of the Vessel, the Museum's liability is limited by the terms of ATS' contract to transport the Vessel.

## THIRTEENTH AFFIRMATIVE DEFENSE

83.     To the extent the Museum is construed to be a shipper of the Vessel, the Museum's liability is limited by the terms of Ridgeway's contract to transport the Vessel.

## FOURTEENTH AFFIRMATIVE DEFENSE

84.     To the extent the Museum is construed to be a shipper of the Vessel, the Museum's liability is limited by the terms of TravelCenter's contract.

## FIFTEENTH AFFIRMATIVE DEFENSE

85.     To the extent the Museum is construed to be a shipper of the Vessel, the Museum's liability is limited by the terms of Service Tire's contract.

## SIXTEENTH AFFIRMATIVE DEFENSE

86.     To the extent the Museum is construed to be a shipper of the Vessel, the Museum's liability is limited by the terms of all applicable bills of lading.

## SEVENTEENTH AFFIRMATIVE DEFENSE

87.     The Museum asserts all rights that it has under the Carmack Amendment, COGSA, the Pomerene Act, the Harter Act and any other statute, law or regulation applying to the transport of the Vessel, against all Codefendants.

303590806v1 1003324

## EIGHTEENTH AFFIRMATIVE DEFENSE

88.     The Museum asserts that Ridgeway, ATS and others, but not the Museum, were acting as carriers during the carriage of the Vessel, and in making arrangements to transport it, and therefore were and are charged with the duties and obligations of a carrier as set forth in the applicable statutes and regulations.  Ridgeway, ATS and others, but not the Museum, breached those duties and obligations, to the prejudice of the Museum, which herein seeks indemnification for said breaches, and other relief.

## NINETEENTH AFFIRMATIVE DEFENSE

89.     The Museum hereby gives notice that it intends to rely upon other such defenses as may become available or apparent during the course of discovery and/or as may be asserted by other parties to the litigation arising out of the alleged incident, and it thus reserves the right to amend its Answer to WHOI's complaint to assert such defenses.

## AS AND FOR THE MUSEUM'S CROSS-CLAIMS AGAINST CODEFENDANTS AND COUNTERCLAIMS AGAINST WHOI

## FIRST CROSS-CLAIM AGAINST ALL CODEFENDANTS, FIRST COUNTERCLAIM AGAINST WHOI

## (INDEMNITY AND INDEMNIFICATION)

90.     Without prejudice to or waiver of the above defenses, the Museum repeats and realleges each and every admission, denial, and denial of knowledge or information set forth above with the same force and effect as if repeated and set forth at length herein.

91.     WHOI and each of Codefendants performed some role in the transaction which led to the Vessel being loaded for transport from Massachusetts to the Commonwealth of Australia.

92.     Any loss or damage to the Vessel was caused solely by each of WHOI's and

303590806v1 1003324

Codefendants' acts, fault, neglect, or omissions and WHOI's breaches of the Loan Agreement.

93.     In the event any liability is imposed on the Museum for any loss or damage to the submersible, the Museum is entitled to full and complete indemnity from WHOI and Codefendants, plus attorneys' fees, costs and interest incurred in the defense of this action.

94.     The acts and omissions of Codefendants, and each of them, resulted in the Museum not having the Vessel at its facility to display, resulting in turn in the Museum's loss of special exhibition cultural artifact viewing fees, gift shop revenues and Museum memberships, over an extended period of time.  The Museum is entitled to complete indemnification from the Codefendants for these losses, plus attorneys' fees and costs.

## SECOND CROSS-CLAIM AGAINST ATS

## (UNFAIR AND DECEPTIVE BUSINESS PRACTICES)

95.     Without prejudice to or waiver of the above defenses, the Museum repeats and realleges each and every admission, denial, and denial of knowledge or information set forth above with the same force and effect as if repeated and set forth at length herein.

96.     ATS breached its duty of good faith and fair dealing, and acted in an unfair and deceptive manner, by purporting to rely on the terms and conditions of a so-called Ocean Bill of Lading that was not in existence at the time of the loss.

97.     ATS' unfair and deceptive conduct is in violation of M.G.L. c. 93A.

98.     The Museum as consignee is entitled to recover from ATS damages, statutory treble damages, exemplary damages, as well as all costs, interest, expenses, fees, and attorneys' fees arising out of the Vessel's damage and in bringing this Action.

303590806v1 1003324

## THIRD CROSS-CLAIM AGAINST ALL CODEFENDANTS, AND SECOND COUNTERCLAIM AGAINST WHOI

## (CONTRIBUTION)

99.     Without prejudice to or waiver of the above defenses, the Museum repeats and realleges each and every admission, denial, and denial of knowledge or information set forth above with the same force and effect as if repeated and set forth at length herein.

100.    Any loss or damage to the Vessel was caused solely by WHOI's and Codefendants' acts, fault, neglect, or omissions, and no acts, omissions, breach of contract or negligence on the part of the Museum caused or in any way contributed thereto.

101.    In the alternative to the first cross-claim and first counterclaim, in the event any liability is imposed on the Museum for any loss or damage to the submersible, the Museum is entitled to contribution from WHOI and Codefendants, plus attorneys' fees, costs and interest incurred in the defense of this action.

## THIRD COUNTERCLAIM AGAINST WHOI

## (BREACH OF CONTRACT)

102.    Without prejudice to or waiver of the above defenses, the Museum repeats and realleges each and every admission, denial, and denial of knowledge or information set forth above with the same force and effect as if repeated and set forth at length herein.

103.    The Museum and WHOI entered into the Loan Agreement which provided, among other things, that WHOI would "provide project management throughout the transfer of the [Vessel] and during the duration of the loan," that WHOI would indemnify the Museum against "all actions, claims, suits, demands, liabilities, losses, damages and costs (including all legal costs on a solicitor-client basis) directly or indirectly arising out of, relating to or in any way connected with any breach of [the Loan Agreement] by it or any of its promises and

14

warranties in [the Loan Agreement]," that the "Agreed Value" of the Vessel was U.S. $5 million, and that WHOI would make "reasonable efforts to resolve" any dispute arising out of the Loan Agreement by "good faith negotiation" followed by mediation.

104.    WHOI breached the Loan Agreement by, among other things, not "provid[ing] project management throughout the transfer of the [Vessel] and during the duration of the loan," failing to indemnify the Museum against "all actions, claims, suits, demands, liabilities, losses, damages and costs (including all legal costs on a solicitor-client basis) directly or indirectly arising out of, relating to or in any way connected with any breach of [the Loan Agreement] by it or any of its promises and warranties in [the Loan Agreement]," asserting that the "Agreed Value" of the Vessel is more than U.S. $5 million, and failing to make "reasonable efforts to resolve" any dispute arising out of the Loan Agreement by "good faith negotiation" followed by mediation.

105.    The Museum has performed all of its obligations under the Loan Agreement, and has not waived or consented to WHOI's breaches of the Loan Agreement.

106.    The Museum has been damaged by WHOI's breaches of the Loan Agreement including but not limited to losing special exhibition cultural artifact viewing fees and litigation costs and fees.

WHEREFORE, the Museum prays that:

A.    the Court enter judgment dismissing WHOI's Complaint;

B.    the Court enter judgment in favor of the Museum as to the Museum's counterclaim against WHOI and awarding the Museum all contractual damages to which the Museum is entitled under the Loan Agreement, all revenue lost as a result of the Museum's being unable to display the

15

Vessel in Australia, and otherwise;

C. in the event the Museum is held liable for any loss or damage to the submersible referred to in the Complaint, it be held to be entitled to indemnity from WHOI and Codefendants, plus attorney's fees, interest and all costs;

D. in the alternative, in the event the Museum is held liable for any loss or damage to the Vessel referred to in the Complaint, it be held to be entitled to contribution from WHOI and Codefendants, plus attorney's fees, interest and all costs;

E. if judgment is entered in favor of WHOI against the Museum, the Court should enter judgment in favor of the Museum and judgment against Codefendants on the cross-claims herein together with interest, costs and attorney's fees;

F. the Court should award the Museum its costs, treble damages and reasonable attorney's fees;

G. if the Museum is exonerated from any liability to WHOI, it still is entitled to full indemnity and contractual damages from WHOI for all of its legal fees and expenses in this case and the case currently pending in the United States District Court for the District of Connecticut arising from the same transaction and events described in the Complaint in this case; and

H. the Court should grant the Museum such other and further relief as the Court deems just and appropriate.

16

Respectfully submitted,

DEFENDANT AUSTRALIAN NATIONAL
MARITIME MUSEUM
By: Its Attorneys

Date:  April 24, 2019

_/s/ Forrest Booth_
Forrest Booth (Pro hac vice)
    fbooth@hinshawlaw.com
Cal. State Bar 74166
Chad M. Vacarella, BBO #637394
cvacarella@hinshawlaw.com
HINSHAW & CULBERTSON LLP
53 State Street, 27th Floor
Boston, MA 02109
Telephone: 617-213-7013
Facsimile: 617-213-7001

## CERTIFICATE OF SERVICE

I certify that on April 24, 2019, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

_/s/ Forrest Booth_
Forrest Booth

303590806v1 1003324