United States District Court
District of Massachusetts

|  |  |  |
|---|---|---|
| Woods Hole Oceanographic Institution, | ) ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 17-12301-NMG |
| v. | ) ) | |
| ATS Specialized, Inc. et al, | ) ) | |
| Defendants. | ) | |

**MEMORANDUM & ORDER**

**GORTON, J.**

This case arises from the transportation of an experimental, deep sea submarine from Woods Hole, Massachusetts to Australia pursuant to an agreement between Woods Hole Oceanographic Institution ("WHOI") and the Australian National Maritime Museum ("the Museum"). The agreement memorialized the arrangement whereby WHOI loaned the submarine to the Museum. During transit, the submarine was severely damaged by fire and when the parties involved were unable to resolve liability WHOI brought suit against the Museum and other defendants. Subsequently, the Museum filed a third-party complaint against Ridgeway International Australia Limited ("Ridgeway Australia") for indemnity and contribution.

In February, 2020, Magistrate Judge Jennifer C. Boal entered a Report and Recommendation ("R&R") that the Court 1) deny Ridgeway Australia's motion to dismiss for lack of personal jurisdiction and 2) grant, in part, and deny, in part, Ridgeway Australia's motion to dismiss for failure to state a claim. Specifically, the Magistrate Judge recommended that this Court dismiss the Museum's indemnity claim but not its contribution claim.

The facts and procedural history are provided in detail in the R&R with which the Court assumes familiarity.

I. **Motion to Dismiss**

After considering the R&R, and the objections and replies thereto, it will be accepted and adopted. The Court will, however, dismiss the Museum's indemnity claim without prejudice.

As summarized by Magistrate Judge Boal,

> Under Massachusetts law, indemnification may arise under three theories: (1) an express agreement; (2) a contractual right implied from the nature of the relationship between the parties; and (3) a common law tort-based right. Araujo v. Woods Hole, Martha's Vineyard, Nantucket Steamship Auth., 693 F.2d 1, 2 (1st Cir. 1982).

The Museum claims that it has a right of indemnification under both an implied contractual theory and common law. The Magistrate Judge found the Museum had not alleged facts sufficient to support either an implied contractual right or a common law tort-based right. In its opposition, however, the

Museum evinces newly disclosed facts which may support its indemnity claim. This Court agrees with the analysis of the Magistrate Judge but will dismiss the indemnity claim without prejudice and afford the Museum leave to amend.

**ORDER**

For the forgoing reasons, the R&R (Docket No. 238) is **ACCEPTED** and **ADOPTED** with the caveat that the Museum's indemnity claim is **dismissed without prejudice.**

**So ordered.**

/s/ Nathaniel M. Gorton<br>Nathaniel M. Gorton<br>United States District Judge

Dated March 24, 2020