```
                    RUnited States District Court
                       District of Massachusetts
```

|   |   |   |
|---|---|---|
| Woods Hole Oceanographic Institution, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 17-12301-NMG |
| ATS Specialized, Inc., et al., | ) ) ) | |
| Defendants. | ) ) | |

**MEMORANDUM & ORDER**

**GORTON, J.**

   This case arises from the substantial damage done to an experimental, deep sea submarine during its prospective transport between Woods Hole, Massachusetts and Australia.  In or about May, 2017, plaintiff Woods Hole Oceanographic Institution ("WHOI" or "plaintiff"), the owner of the submarine, executed a settlement agreement with third-party defendants Eagle Underwriting Group, Inc. ("Eagle") and its underwriters (collectively "the insurance companies") whereby the insurance companies agreed to pay WHOI $3.9 million and WHOI agreed to assign to the insurance companies 70% of its claims arising out of the damage.  Thereafter, WHOI brought suit sounding in contract and tort against the multiple defendants allegedly involved in the transportation of the submarine.

In August, 2020, defendants Australian National Maritime Museum ("the Museum"), ATS Specialized, Inc. ("ATS"), Ridgeway International USA, Inc. ("Ridgeway USA"), TravelCenters of America ("TCA") and third-party defendant Ridgeway International Australia ("Ridgeway Australia") moved, pursuant to Fed. R. Civ. P. 17(a), to replace WHOI with Eagle as the named plaintiff or, in the alternative, to join Eagle as co-plaintiff.  As grounds therefor, the defendants contend that Eagle, and not WHOI, is the real party in interest because WHOI assigned to Eagle a substantial part of its claims and rights concerning the damage to the submarine.

In December, 2020, Magistrate Judge Jennifer C. Boal, to whom defendants' motion was referred, entered a Report and Recommendation ("R&R") (Docket No. 420) recommending that the motion be allowed only to the extent the defendants seek to join Eagle and the insurance companies as co-plaintiffs.  She explains that, despite the settlement agreement, WHOI remains a real party in interest in this case because it alleges it incurred uninsured losses beyond the $3.9 million payment made by the insurance companies.  Nevertheless, the Magistrate Judge recommends that this Court declare that Eagle and the insurance companies are also real parties in interest because they have paid at least part of the loss incurred by WHOI and have a right to subrogation.

WHOI and Eagle filed timely objections to the R&R and, after this Court heard oral argument on the matter, defendant Ridgeway USA filed a reply memorandum in opposition thereto.[1] After re-consideration of the R&R and the oral and written submissions of the parties proffered in response, the Court finds the reasoning of the R&R to be sound and persuasive. See Agri-Mark, Inc. v. Niro, Inc., 190 F.R.D. 293, 296 (D. Mass. 2000) ("It appears relatively well settled that an insurer who has paid part of a loss suffered by its insured and has been at least partially subrogated to the insured's right has substantive rights against a tort feaser qualifying it as a real party in interest" and that, under such circumstances, both the insured and the insurers should "appear in the litigation in their own names").  This Court will therefore accept and adopt the Magistrate Judge's recommendation with respect to defendants' motion to substitute.

---

[1] The Museum has joined in Ridgeway USA's reply memorandum (Docket No. 438).

**ORDER**

For the foregoing reasons, the objection to the Report and Recommendation by Woods Hole Oceanographic Institute, Eagle Underwriting Group, Inc. ("Eagle") and its subrogated underwriters (Docket No. 430) is **OVERRULED** and the Report and Recommendation of Magistrate Judge Boal (Docket No. 420) is **ACCEPTED** and **ADOPTED.**

Accordingly, defendants' motion to substitute real party in interest (Docket No. 303) is, to the extent it seeks to join third-party defendants Eagle and the subrogated underwriters as co-plaintiffs, **ALLOWED.**

**So ordered.**

\s\ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated January 20, 2021