RUnited States District Court
District of Massachusetts

| | |
|---|---|
| Woods Hole Oceanographic Institution, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| ATS Specialized, Inc., et al., | ) ) |
| Defendants. | ) ) ) |

Civil Action No.
17-12301-NMG

MEMORANDUM & ORDER

GORTON, J.

This case arises from the substantial damage done to an experimental, deep sea submarine which was damaged by fire during its prospective transport between Woods Hole, Massachusetts and Australia. Plaintiff Woods Hole Oceanographic Institution ("WHOI" or "plaintiff"), the owner of the submarine, brings suit sounding in contract and tort against multiple defendants allegedly involved in the transportation of the submarine.

Pending before this Court are, inter alia, the motions by Service Tire Truck Center ("STTC") for summary judgment and to strike WHOI's untimely opposition to that motion. For the reasons that follow, STTC's motion to strike will be denied but its motion for summary judgment will be allowed.

- 1 -

I.   **Background**

Although the facts of this case have been broadly recited
in prior Memoranda of this Court and Reports and Recommendations
of Magistrate Judge Jennifer C. Boal, see, e.g., Docket Nos. 91,
238, 239 & 420, relevant here is the following:

In or before 2015, WHOI and the Australian National
Maritime Museum ("the Museum") executed an agreement whereby
WHOI was to loan its submarine to the Museum for two years.
According to WHOI, the agreement provided that the Museum was
responsible for, inter alia, arranging the transportation of the
vessel and insuring it during such transportation.  The Museum
contends that it retained Ridgeway International Australia
Limited ("Ridgeway Australia") to organize that transportation
and Ridgeway Australia subsequently retained Ridgeway
International USA, Inc. ("Ridgeway USA") to coordinate and
oversee it.  Ridgeway USA, in-turn, hired ATS Specialized
("ATS") to transport the submarine to Baltimore, Maryland via a
tractor-trailer ("the Truck").

Prior to the transport, the Truck was inspected and
serviced by TravelCenters of America ("TCA").  WHOI alleges that
TCA certified that the vehicle was safe and appropriate for
transporting cargo.  Thereafter, ATS took possession of the
submarine, loaded it onto the Truck and began the trip to
Baltimore.

Approximately one hour into the trip, the Truck experienced a single tire blow-out in its front axle.  STTC was called to service the flat tire and sent one of its tire technicians to do the job.  When the tire technician arrived at the Truck, he removed the front left tires, cleaned and inspected the exterior of the front-axle brake drum for clogs and cracks per usual and affixed the replacement tire.  He testified at his deposition that he did not inspect the interior of any brake systems because "that's a mechanical job".  WHOI alleges that the tire technician thereafter "certified and declared that the Truck was appropriate for transport of the Submersible" and provided an invoice with the handwritten notation: "cleaned, inspected, oiled, torqued".

The Truck was then parked overnight at a TCA facility in Rhode Island.  Just after it departed the next day, however, the left rear wheel well of the Truck caught fire.  The fire spread to the submarine and caused significant damage to it.

### A. Procedural History

In November, 2017, WHOI brought this action against the Museum, Ridgeway USA, TCA, STTC and other defendants alleging, inter alia, breach of contract, breach of bailment obligations, negligence and liability under the Carmack Amendment, 49 U.S.C. § 14706.  With respect to STTC, WHOI asserts a single count for

negligence, contending that STTC had a duty to inspect, service and repair the Truck which duty it breached by

> implicitly or explicitly certify[ying] and declar[ing] that the Truck was safe and appropriate for the transport of cargo [when it was not].

That conduct, according to WHOI, proximately caused the fire and, thus, the damage to the submarine.

Multiple answers, counter-claims, cross-claims and third-party claims have also been filed in this case.  In general, all responding parties deny liability for the damage and posit numerous affirmative defenses.  Several motions to dismiss have been filed and, for the most part, denied.  Relevant here, in April, 2019, the Museum filed its first amended answer to the complaint.  It also cross-claimed and counter-claimed seeking, inter alia, indemnity and contribution against WHOI and all co-defendants, including the STTC.

On July 22, 2020, WHOI produced a written expert report from SEA Investigations which disclosed the opinions of two experts: its liability, cause and origin expert, Aaron Redsicker, and its trucking and mechanic expert, Ashley Dunn. They are of the collective opinion that the fire originated at the rear of the Truck and attribute the cause of the fire to an air leak in the left rear-axle brake chamber.  The experts are unsure when the condition causing the fire arose but they conclude that the front-axle brake system, the outside of which

- 4 -

STTC's tire technician cursorily inspected and cleaned, functions separately from the rear axle system and, therefore, "can be ruled out as the source of the [fire]".

## II.  Motion to Strike

Defendant STTC moves to strike as untimely WHOI's memorandum in opposition to its motion for summary judgment. The extended deadline for the filing of that opposition was September 24, 2020, and WHOI failed to meet that deadline without explanation.

Although the Court agrees that WHOI's opposition was inexcusably late, it finds that the delay did not prejudice STTC.  For that reason, and because the Court will ultimately rule in defendant's favor on the merits, the Court will deny its motion to strike. See Edison Bros. Stores, Inc. v. National Development Group, Inc., No. 89-cv-0612, 1992 WL 55465, at *1 (D. Mass. Mar. 6, 1992) (denying plaintiff's motion to strike the late filings of defendant because "plaintiff has not been prejudiced by these submissions").

## III. Motion for Summary Judgment

### A. Legal Standard

The role of summary judgment is "to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." Mesnick v. Gen. Elec. Co., 950 F.2d 816, 822 (1st Cir. 1991) (quoting Garside v. Osco Drug, Inc.,

895 F.2d 46, 50 (1st Cir. 1990)).  The burden is on the moving party to show, through the pleadings, discovery and affidavits, "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

A fact is material if it "might affect the outcome of the suit under the governing law . . ." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A genuine issue of material fact exists where the evidence with respect to the material fact in dispute "is such that a reasonable jury could return a verdict for the nonmoving party." Id.

If the moving party satisfies its burden, the burden shifts to the nonmoving party to set forth specific facts showing that there is a genuine, triable issue. Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).  The Court must view the entire record in the light most favorable to the non-moving party and make all reasonable inferences in that party's favor. O'Connor v. Steeves, 994 F.2d 905, 907 (1st Cir. 1993).  Summary judgment is appropriate if, after viewing the record in the non-moving party's favor, the Court determines that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law. Celotex Corp., 477 U.S. at 322-23.

### B. Application

Defendant STTC seeks summary judgment with respect to the negligence claim brought against it by WHOI (Count XVII) and the cross-claims for indemnification and contribution brought by the Museum. As grounds therefor, STTC submits that there is no evidence in the record which demonstrates that its employee was negligent or played any causal role with respect to the fire.

WHOI responds by challenging STTC's motion as premature. It also summarily states that, with respect to a technician hired to change a tire,

> there is sufficient evidence from which a reasonable juror could find that the Defendant, Service Tire Truck Center, Inc. ("STTC") negligently: 1) failed to diagnose a problem with the Truck, 2) failed to discharge its duty to inspect, service, and repair the Truck; and 3) certified and declared that the Truck was appropriate for the transport of the Submersible.

### 1. Timing of the Summary Judgment Motion

A party may move for summary judgment "[a]t any time until 30 days after the close of all discovery". Fed. R. Civ. P. 56(b). Such a motion is appropriate "after adequate time for discovery", even if discovery has not yet closed. Celotex Corp., 477 U.S. at 322; Nieves-Romero v. United States, 715 F.3d 375, 380 (1st Cir. 2013) ("[T]he fact that discovery is still open does not bar a district court from resolving a fully briefed summary judgment motion").

A nonmovant can resist a summary judgment motion, however, if it establishes that additional time for discovery is warranted. See Rivera-Almodovar v. Instituto Socioeconomico Comunitario, Inc., 730 F.3d 23, 28-29 (1st Cir. 2013).  To establish that, it must show, "by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition" at this time. Fed. R. Civ. P. 56(d). Such a showing requires the nonmoving party to

> (i) explain[ ] his or her current inability to adduce the
> facts essential to filing an opposition, (ii) provide[ ] a
> plausible basis for believing that the sought-after facts
> can be assembled within a reasonable time, and
> (iii) indicate[ ] how those facts would influence the
> outcome of the pending summary judgment motion.

Rivera-Almodovar, 730 F.3d at 28-29 (brackets in original) (internal citation omitted).

Here, although STTC's motion was brought before the close of discovery, the Court concludes that it was not premature. First, this case has been pending more than three years, WHOI has produced its expert reports and fact discovery has closed. Second, WHOI has proffered no affidavit explaining its inability to adduce the facts necessary to oppose a motion for summary judgment and/or how additional facts would influence the outcome of that motion.

### 2. Negligence

A plaintiff claiming negligence must establish the basic elements of duty, breach, cause in fact and proximate cause. Jupin v. Kask, 849 N.E.2d 829, 834-35 (Mass. 2006). WHOI contends that STTC's tire technician was negligent because he failed to discharge his duty to inspect, service and repair the Truck and diagnose the problem which caused the fire. STTC retorts that the record is devoid of any evidence indicating that its tire technician contributed to the fire in any way. It emphasizes that the tire technician serviced and changed a tire on the Truck's front axle, nowhere near the rear-axle brake chamber which is alleged to be the cause of the fire. According to WHOI's own experts, the two areas of the Truck "function separately".

### i.   Causation

Because causation is an essential element of a negligence claim, a plaintiff cannot prevail if evidence of causation is unavailable. See Lieberman v. Powers, 873 N.E.2d 803, 808 (Mass. App. Ct. 2007). Thus, although causation is typically a question of fact for the jury, a plaintiff cannot avoid summary judgment if it is unable to

> show that there is greater probability than not that the accident resulted from the defendant's negligence.

See <u>Enrich</u> v. <u>Windmere Corp.</u>, 616 N.E.2d 1081, 1084 (Mass.
1993).

When the cause of an event is not susceptible to a
determination by the jury's "general knowledge of practical
affairs", such as a fire, it must be supported by expert
testimony. <u>See</u> <u>Enrich</u>, 616 N.E.2d at 1084; <u>Triangle Dress, Inc.</u>
v. <u>Bay State Service, Inc.</u>, 252 N.E.2d 889, 891 (Mass. 1969).
It cannot be left to mere speculation and conjecture. <u>Enrich</u>,
616 N.E.2d at 1084.

Having reviewed the record, this Court cannot find that
there is any probability that the fire in the rear axle of the
Truck resulted from the alleged negligence of STTC's tire
technician while changing a front tire.  WHOI attempts to
establish that probability by submitting a vague invoice from
STTC which states that its tire technician "cleaned, inspected,
oiled, [and] torqued" the Truck and contending that the tire
technician did not diagnose the condition which caused the fire.
This Court is underwhelmed by that proffer.

First, the invoice does not identify which part of the
Truck was serviced by STTC or to what extent and thus cannot,
without more, raise the causal connection between the service
and the fire above mere speculation and conjecture.  Second, in
his deposition testimony, the tire technician disavows any
speculative causal connection raised by the invoice when he

explains that he cleaned and inspected only the front-axle brake drum because such was necessary to put the replacement tire on the Truck.  He also clarifies that his service did not include any inspection of the interior components of the Truck because "that's a mechanical job".

Furthermore, there is no indication that any expert will testify that the tire changer played any causal role with respect to the fire or that he should have diagnosed a condition in the Truck but failed to do so.  Rather, the record shows that WHOI's experts 1) are unsure when the condition causing the fire arose or whether it was even present at the time of the tire change and 2) attribute the fire to an air leak in the rear-axle brake chamber, an area completely separate and distinct from where STTC's tire technician replaced the flat tire.  Because WHOI has provided no credible evidence of a causal connection between the tire change by STTC and the fire, this Court will grant summary judgment on its negligence claim in favor of STTC. See Jackson v. Johnson & Johnson and Janssen Pharm., Inc., 330 F. Supp. 3d 616, 626 (D. Mass. 2018) (explaining that the mere mention of a remote possibility of a causal connection is insufficient).

### 3. Indemnification and Contribution

Under Massachusetts law, a party is entitled to indemnification and/or contribution only if

- 11 -

the indemnitor [and contributor] as well as the party
seeking indemnification [and contribution are] liable to
the plaintiff.

Araujo v. Woods Hole, Martha's Vineyard Nantucket S.S.

Authority, 693 F.2d 1, 3 (1st Cir. 1982).

Here, STTC contends that because it is not liable to the
plaintiff on negligence grounds, it cannot be liable to its co-
defendants for indemnification or contribution.  This Court
agrees and, therefore, will grant summary judgment for STTC on
the Museum's cross-claims for indemnification and contribution.

**ORDER**

For the foregoing reasons,

- the motion by the Service Tire Truck Center ("STTC") to
  strike untimely summary judgment opposition of plaintiff
  (Docket No. 383) is **DENIED**; and

- the motion by STTC for summary judgment (Docket No. 322)
  is **ALLOWED**.

**So ordered.**

\s\ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated January 21, 2021