United States District Court

District of Massachusetts

|   |   |
|---|---|
| Woods Hole Oceanographic Institution, ) ) ) | ) |
| Plaintiff, ) | |
| v. ) ) | Civil Action No. 17-12301-NMG |
| ATS Specialized, Inc., et al., ) ) | |
| Defendants. ) ) | |

**MEMORANDUM & ORDER**

**GORTON, J.**

This case arises from the substantial damage done to an experimental, deep sea submarine during the initial stages of its transport between Woods Hole, Massachusetts and Australia. Plaintiff Woods Hole Oceanographic Institution ("WHOI" or "plaintiff"), the owner of the submarine, brings suit sounding in contract and tort against multiple defendants involved in the transportation of the submarine.

In January, 2021, this Court allowed the motion of defendant Service Tire Truck Center, Inc. ("STTC") for summary judgment, having found that there is no evidence in the record of any causal connection between damage to the submarine and a tire change performed by STTC. Pending before this Court is,

inter alia, the motion by STTC for separate and final judgment. For the reasons that follow that motion will be allowed.

## I. Background

Although the facts of this case have been extensively recited in prior Orders of this Court and Reports and Recommendations of Magistrate Judge Jennifer C. Boal, see, e.g., Docket Nos. 91, 238, 239 & 420, relevant here is the following:

In or before 2015, WHOI and the Australian National Maritime Museum ("the Museum") executed an agreement whereby WHOI was to loan its submarine to the Museum for two years. According to WHOI, the agreement provided that the Museum was responsible for arranging transportation of the vessel.  The Museum contends that it retained Ridgeway International Australia Limited ("Ridgeway Australia") to supervise that transportation and Ridgeway Australia subsequently retained its related corporation, Ridgeway International USA, Inc. ("Ridgeway USA"), to coordinate and oversee it.  Ridgeway USA, in-turn, hired ATS Specialized ("ATS") to physically transport the submarine to Baltimore, Maryland via a tractor-trailer ("the Truck").

Prior to the transport, the Truck was inspected and serviced by TravelCenters of America ("TCA").  WHOI alleges that TCA certified that the vehicle was safe and appropriate for transporting the unique cargo.  Thereafter, ATS took possession

of the submarine, loaded it onto the Truck and began the trip to Baltimore.

After approximately one hour on the road, the Truck experienced a single tire blow-out on its front axle. STTC was called to service the flat tire and sent one of its mechanics to do the job. At the scene, the tire technician removed the flat tire, cleaned and inspected the exterior of the front-axle brake drum for clogs and cracks per usual and affixed the replacement tire. He testified at his deposition that he did not inspect the interior of any brake systems or the rear tires because "that's a mechanical job".

The Truck was then parked overnight at a TCA facility in Rhode Island. Just after the Truck departed the next day, however, the left, rear wheel well of the Truck caught fire. The fire spread to the submarine and caused significant damage to it.

### A. Procedural History

In November, 2017, WHOI brought this action against the Museum, Ridgeway USA, TCA, STTC and other defendants alleging, <u>inter alia</u>, breach of contract, breach of bailment obligations, negligence and liability under the Carmack Amendment, 49 U.S.C. § 14706. With respect to STTC, WHOI asserts a single count for negligence, contending that STTC had a duty to inspect, service and repair the Truck which duty it breached by

>   implicitly or explicitly certify[ying] and declar[ing] that
>   the Truck was safe and appropriate for the transport of
>   cargo [when it was not].

That conduct, according to WHOI, proximately caused the fire and, thus, the damage to the submarine.

Multiple answers, counter-claims, cross-claims and third-party claims have been filed in this case.  In general, all responding parties deny the allegations against them and assert numerous affirmative defenses.  Relevant here, in April, 2019, the Museum filed its first amended answer to the complaint.  It also cross-claimed and counter-claimed seeking, <u>inter alia</u>, indemnity and contribution against WHOI and all co-defendants, including the STTC.

In July, 2020, WHOI produced a written expert report from SEA Investigations which disclosed the opinions of two experts: its liability, cause and origin expert, Aaron Redsicker, and its trucking and mechanic expert, Ashley Dunn.  They are of the collective opinion that the fire originated at the rear of the Truck and attribute the cause of the fire to an air leak in the left rear-axle brake chamber.  The experts are unsure when the condition causing the fire arose but they conclude that the front-axle brake system, the outside of which STTC's tire technician cursorily inspected and cleaned, functions separately from the rear axle system and, therefore, "can be ruled out as the source of the [fire]".  WHOI alleges that the tire

technician thereafter "certified and declared that the Truck was appropriate for transport of the Submersible" and provided an invoice with the handwritten notation: "cleaned, inspected, oiled, torqued".

In August, 2020, STTC moved for summary judgment as to all counts against it, asserting that there is no evidence in the record that its employee was negligent or played any causal role with respect to the fire. This Court allowed the motion in January, 2021, thereby dismissing all claims, cross-claims and counterclaims asserted against STTC. STTC now moves for a separate and final judgment. Plaintiffs, but not the Museum, oppose that motion.

## VI. Motion for Separate and Final Judgment

### A. Legal Standard

Rule 54(b) of the Federal Rules of Civil Procedure permits a district court, in a multi-claim action, to direct entry of a final judgment "as to one or more, but fewer than all" of the claims if it "expressly determines that there is no just reason for delay". Under that Rule, the Court is required to set forth reasons why judgment should be entered as to some but not all claims. See Quinn v. City of Boston, 325 F.3d 18, 26 (1st Cir. 2003) ("[I]f a district court wishes to enter a partial final judgment on the ground that there is no just reason for delay, it should not only make the explicit determination but should

also make specific findings and set forth its reasoning.");
Spiegel v. Trustees of Tufts College, 843 F.2d 38, 43 (1st Cir.
1988).

Factors to be considered include:

(1) whether the disputed ruling is final; (2) whether the
disputed ruling raises legal or factual issues that overlap
with any claims that remain pending in the district court;
and (3) how the equities and efficiencies of piecemeal
review would compare to those in a single proceeding.

Britton v. Maloney, 196 F.3d 24, 27 n.2 (1st Cir. 1999).

**B. Application**

Although the Court recognizes the prudential policy against "piecemeal" litigation, Gonzalez Figueroa v. J.C. Penny Puerto Rico, Inc., 568 F.3d 313, 318 n.3 (1st Cir. 2009), each of the above factors supports the entry of final judgment for STTC on plaintiffs' claims against it.

First, the Court entered summary judgment on all of claims against STTC by WHOI and the Museum. No other claims, cross-claims or counterclaims remain for adjudication against STTC. Accordingly, all claims against it have been completely disposed of and the summary judgment order is a final judgment because it "provides an ultimate disposition on a cognizable claim for relief." Boston Prop. Exch. Transfer Co. v. Iantosca, 720 F.3d 1, 7 (1st Cir. 2013) (internal quotations and citations omitted).

- 6 -

Second, there is negligible overlap between the issues dealt with on STTC's motion for summary judgment and those that remain pending in this Court.  Summary judgment was entered in favor of STTC based upon a finding by this Court that there is no evidence, expert or otherwise, in the record to suggest that STTC played any causal role as to the fire.  The remaining claims, cross-claims, counterclaims and third-party claims for breach of contract, breach of bailment obligations, negligence, Carmack Amendment, 49 U.S.C. § 14706, indemnity and contribution, therefore, are asserted against entities other than (and stem from conduct and/or duties unrelated to) STTC. "Such a lack of overlap strongly supports the finding of no just reason for delay." Quinn, 325 F.3d at 27.

Finally, entry of final judgment in favor of STTC is in the interest of equity and fairness.  This case has been pending before this Court for more than three years during which time no expert opinion has emerged to implicate STTC.  Delaying entry of final judgment on all claims against STTC would, therefore, prejudice that defendant by requiring it to spend more time and money unnecessarily.  Accordingly, this Court finds that there is no just reason for delay in entering a judgment in favor of STTC pursuant to Fed. R. Civ. P. 54(b).

**ORDER**

For the foregoing reasons, the motion by the Service Tire Truck Center ("STTC") for separate and final judgment (Docket No. 463) is **ALLOWED**.

**So ordered.**

/s/ Nathaniel M. Gorton  
Nathaniel M. Gorton  
United States District Judge

Dated April 21, 2021