UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WOODS HOLE OCEANOGRAPHIC INSTITUTION,　　　　　　　　　　Plaintiff,<br><br>v.<br><br>ATS SPECIALIZED, INC., et al.,<br><br>　　　　　　　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)　　Civil Action No. 17-12301-NMG<br>)<br>)<br>)<br>)<br>) |

ORDER ON TRAVELCENTERS OF AMERICA'S MOTION TO STRIKE PLAINTIFF'S
SUPPLEMENTAL EXPERT DISCLOSURES SERVED ON JANUARY 14, 2021
[Docket No. 440]

May 6, 2021

Boal, M.J.

Defendant TravelCenters of America ("TCA") has moved to strike plaintiff Woods Hole Oceanographic Institution's ("WHOI") supplemental expert disclosures served on January 14, 2021.  Docket No. 440.[1]  For the following reasons, I deny the motion.

I.　　　RELEVANT BACKGROUND

This action arises from the transportation of a submarine known as the Deepsea Challenger (the "Submersible") from Woods Hole, Massachusetts to Australia that took place under an agreement by plaintiff Woods Hole Oceanographic Institution ("WHOI") to loan the Submersible to the Australian National Maritime Museum (the "Museum").  During transit, on or about July 23, 2015, the Submersible caught fire in Connecticut and was allegedly damaged.

WHOI brought this action against several defendants involved in the transportation of the

---

[1] Judge Gorton referred the motion to the undersigned on February 16, 2021.  Docket No. 467.

1

Submersible. The defendants, in turn, have asserted a number of counterclaims, cross-claims, and third-party claims.

Pursuant to the scheduling order in this case, with a brief extension allowed by Judge Gorton, see Docket No. 90, WHOI timely served its expert disclosures on July 22, 2020. Docket No. 440 at 3; Docket No. 464 at 3. Specifically, WHOI disclosed Ashley L. Dunn and Aaron Redsicker from SEA, Ltd. as experts on the cause and origin of the fire at issue in this case. Docket No. 464 at 3; Docket No. 464-1.

On September 8, 2020, defendants, including TCA and ATS Specialized, Inc. ("ATS") timely served their expert disclosures. Docket No. 440 at 4, 5. ATS' disclosures included the reports of Samuel Drinkard and Stephen Harris. Id. at 5. Mr. Drinkard was deposed on November 11, 2020 and Mr. Harris was deposed on December 4, 2020. Id. TCA served rebuttal disclosures responding to the opinions of Mr. Drinkard and Mr. Harris on December 18, 2020. Id. at 6. TCA's experts were deposed on January 8 and 13, 2021. Id.

On January 14, 2021, more than six months after the deadline established for the service of plaintiff's expert disclosures and nearly one month after the deadline for service of rebuttal expert reports, WHOI served "supplemental" expert disclosures. Id. at 7. Although captioned as a supplemental disclosure, WHOI is not actually supplementing its earlier expert disclosures. Rather, WHOI is providing notice that it may rely in its case on ATS's experts. See Docket No. 440-1.

II.     ANALYSIS

There is no dispute that WHOI's disclosure of its intention to rely on ATS's experts, Mr. Drinkard and Mr. Harris, was done after the deadline for expert disclosures. Nevertheless, the court may allow a party to use an expert witness not disclosed in a timely manner if the failure to

comply was "substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). See also Cruz-Vazquez v. Mennonite General Hosp., 613 F.3d 54, 58, n. 1 (1st Cir. 2020) ("As the procedural rule itself makes clear, in the absence of harm to a party, a district court may not invoke the severe exclusionary penalty provided for by Rule 37(c)(1).").

In deciding whether to impose the sanction of preclusion, courts should consider "an array of factors," including "the sanctioned party's justification for the late disclosure; the opponent-party's ability to overcome its adverse effects (i.e., harmlessness); the history of the litigation; the late disclosure's impact on the district court's docket; and the sanctioned party's need for the precluded evidence." Harriman v. Hancock Cnty., 627 F.3d 22, 30 (1st Cir. 2010) (citations omitted). For the following reasons, I find that WHOI's failure to disclose it intended to rely on Mr. Harris and Mr. Drinkard's opinions in a timely manner is harmless under the circumstances and, therefore, preclusion is unwarranted.

TCA has long been aware of Mr. Harris and Mr. Drinkard's opinions as ATS timely disclosed them. Not only did TCA have an opportunity to depose Mr. Harris and Mr. Drinkard but its own experts have provided rebuttal reports responding to their opinions. There is no indication that WHOI intends to elicit any testimony or opinion from Mr. Harris or Mr. Drinkard that they have not already disclosed in their expert reports and depositions. See Docket No. 440-1 at 3 (referring to the experts' disclosures, reports, and deposition testimony). Finally, I note that no trial date has yet been set. Accordingly, I deny TCA's motion.

IV.     ORDER

For the foregoing reasons, I deny TCA's motion to strike WHOI's supplemental expert disclosures.

/s/ Jennifer C. Boal  
JENNIFER C. BOAL  
United States Magistrate Judge