UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| WOODS HOLE OCEANOGRAPHIC INSTITUTION, et al., <br><br> Plaintiffs, <br><br> v. <br><br> ATS SPECIALIZED, INC., et al., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) Civil Action No. 17-12301-NMG |

ORDER ON PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF INFORMATION
CONSIDERED AND/OR RELIED ON BY DEFENDANTS' EXPERT PAUL AMORUSO[1]
[Docket No. 506]

May 6, 2021

Boal, M.J.

On December 9, 2020, Paul Amoruso, an expert witness disclosed by certain defendants, was deposed by Plaintiffs' counsel via Zoom. Docket No. 506 at 3, Docket No. 539 at 2. During his deposition, it became apparent that he was reading from a document in front of him. See Docket No. 539-2 at 3-5. The document was an email from counsel for the Australian National Maritime Museum (the "Museum") to Mr. Amoruso. See Docket No. 539 at 2; Docket No. 539-2 at 13. Plaintiffs seek an order compelling Mr. Amoruso to produce a copy of that email. Docket No. 506.

Communications between a party's attorney and an expert witness are protected under the work product doctrine unless they "identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed," or "identify assumptions that

---

[1] Judge Gorton referred the motion to the undersigned on March 17, 2021. Docket No. 508.

1

the party's attorney provided and that the expert relied on in forming the opinions to be expressed." Fed. R. Civ. P. 26(b)(4)(C).  I find that the email at issue contains facts, data, or assumptions that the Museum's attorney provided to Mr. Amoruso and Mr. Amoruso considered in forming his opinions and is therefore not protected under the work product doctrine.

Mr. Amoruso has opined that Eagle Underwriting Group, Inc. ("Eagle") breached the duty of good faith and fair dealing owed to the Museum by, among other things, "[s]ecretly planning 'from the outset' to litigate against [the Museum] but hiding that fact."  See Docket No. 539-1 at 6-7.  When asked at his deposition for the basis for that opinion, Mr. Amoruso read from the email from counsel for the Museum.  See generally Docket No. 539-2.  The Museum maintains that the email "merely reminded Mr. Amoruso of Dkt. 230 which is relevant to his opinion." Docket No. 539 at 4-5.  However, a comparison of the email language read by Amoruso during his deposition and the statements in Docket No. 230 show that the email included facts and references not contained in Docket No. 230.

Curiously, the Museum also argues that production of the email should not be compelled because the text of the email was read into the record of the deposition.  Docket No. 539 at 5-6.  However, disclosure of the contents of the email waived any protection.  See United States v. Mass. Inst. of Tech., 129 F.3d 681, 687 (1997) (disclosure of work product material to adversary waives the privilege).  Therefore, I find that the email is not protected under Rule 26(b)(4)(C) and, even if it was protected, any such protection has been waived.  Accordingly, I grant the Plaintiffs' motion to compel.  The email shall be produced to Plaintiffs within one week.

/s/ Jennifer C. Boal
JENNIFER C. BOAL
United States Magistrate Judge